Davis, J.,
delivered the opinion of the court:
A motion is made for the entry of a compromise judgment herein in favor of plaintiffs, in favor of their counsel for a sum fixed by way of expenses incurred by him, in favor of counsel for the defendant Indian tribes for a stipulated sum as his fee, and in favor of plaintiff’s counsel for his fee for services, the amount to be fixed by the court. This last item is left to our determination, but the other items are agreed to by all the parties and this agreement has great weight, but is it conclusive upon the court or have we not an independent duty imposed upon us by law ?
The Indian appropriation act (approved March 3, 1891) provides that the Secretary .of the Interior pay to the confederated tribes (defendants herein) per capita “all moneys now held in trust for them by the United States ” with interest, provided, first, that this suit be settled out of said fund in accordance with final judgment or decree or “compromise judgment or decree that may be rendered in said suit.”
The action pending here was authorized by the Act of March 2, 1889 (§ 4, 25 Stat. L., 1013 et seq.), wherein it was provided that out of the funds found due to the plaintiffs the court “may allow a reasonable compensation to the counsel or attorneys of said Indians, to be ratably apportioned upon and paid out of the sums due them respectively.” Counsel now ask us to fix this compensation, producing the record showing the amount of his labor and the contract with his clients, in which they agree to pay him for “ services ” in this matter “ an amount equal to twenty-five percent, of the money” collected or found due. *325 The court would be able now to fix what the statute calls a reasonable compensation” for counsel, were it not that the compromise agreed upon requires the entry of jndgment of another sum in counsel’s favor for what are called “ expenses.” The “expenses” may or may not have a bearing upon the amount of the fee to be fixed by us. As to their nature we are, quite uninformed. The judgment for this sum, as “ expenses,” is to be against the defendant tribes; they consent to it and the arrangement meets the approval of the Government officers; we therefore do not intend to disturb that agreement in this respect. The duty, however, still remains with us to fix the “ reasonable compensation.” We can not do that until we know whether counsel have received any compensation under the. head of “ expenses.” These “expenses ” may all have been in the nature of costs which it was incumbent upon plaintiffs to pay and which do not affect the amount of fee for services; but we do not know this, and before fixing the “reasonable compensation” of plaintiffs’ counsel we must be informed as to the nature of these “ expenses.”
As to the counsel of defendant Indian tribes, the statute (supra) provides:
“ And the court may ascertain the reasonable value of the service of counsel employed by said confederated tribes to represent the tribes on such examination, not to exceed ten per centum of the aggregate sum actually in controversy, and the Secretary of the Interior shall cause to be paid to said counsel so much of the sum so ascertained as in equity and justice he may consider to be due them for such services.”
It will be noticed that we are to “ ascertain the reasonable value” of counsel’s services, provided it do not exceed ten per centum of the “ aggregate sum actually in controversy.” The parties, with the approval of Government officers, have agreed upon $5,200 in addition to $1,000 already paid (that is, $6,200 in all) as the proper fee, and this is in accordance with counsel’s contract with his clients. We must first decide whether that fee exceeds 10 per centum of the aggregate sum actually in controversy. A petition and several amended petitions have been filed herein. Plaintiffs began by claiming the round sum of $100,000, but the substituted petition filed October 23, 1890, gives an itemized account, which shows an aggregate principal sum of $54,519.17, upon which interest at 5 per cent. *326 from October 1, 1870, is claimed, which would bring the claim much above $100,000.
The amount claimed in a declaration or petition is not necessarily an indication of the sum actually in controversy. .Is it so in this case ? As to the principal sum there can be no doubt that it is; the allegations of the petition are sufficiently definite and detailed to show, as to this amount, substantial ground for litigation. As to the claim for interest, however, we do not hold that it makes part of the “ aggregate amount actually in controversy.” As a general rule the United States is not liable for interest; the claim, however, is founded upon treaty, that of 1867 (article 24, concluded 23 February, 1867, proclaimed October 14, 1868), but that treaty provided for a permanent fund upon which 5 per centum interest was to be paid to the tribe, either per. capita or as a permanent school' fund.
This action is not founded upon a claim for withheld interest upon the permanent fund, but upon allegations that upon the distribution of that fund in 1870 there was a mistaken or improper division thereof by the Government officers; thus the case falls within the general rule as to interest.
That the judgment in favor of plaintiffs is to be paid out of a trust fund held for the Indians does not, it seems to us, change the principle. The action is founded upon alleged wrongdoing or mistake upon tbe part of agents of the United States, and the interest claimed is not the interest upon the fund still in the Treasury, bpt interest upon moneys heretofore paid out to> the defendant tribes. The charge is thus made, “That the United States neglected, violated, and failed of its duty as such trustee, and that also through and because of such failure of duty and neglect of your petitioners’ rights and interests your petitioners sustained the injuries and losses set forth herein.” Judgment is prayed against the United States alone, and the fact that it is to be paid out of a specified fund does not change the responsibility. The judgment, therefore, can not include interest. This appears so clearly upon the face of the substituted petition that there can not be said to be an “ actual controversy ” about it.
When judgment is entered herein, we shall allow counsel for defendant Indian tribes, as in our opinion “ the reasonable value” of his service, 10 per centum of $54,519.17, which in our opinion is the amount actually in controversy, upon which *327 will be credited the sum of $1,000 already received upon account, giving as the amount now due said counsel $4,451.92. Judgment will be entered when we shall have determined the reaconable compensation of plaintiff’s counsel after submission of bill of particulars as hereinabove indicated.